# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **M.M. and E.M.**

**No. 20-0453** (Clay County 19-JA-24 and 19-JA-25)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.M., by counsel David Karickhoff, appeals the Circuit Court of Clay County's May 19, 2020, order terminating her parental rights to M.M. and E.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Steven R. Compton, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Julia R. Callaghan, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that she did not substantially comply with the terms of her improvement period and that she failed to correct the conditions of abuse and neglect at issue.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2019, the DHHR filed a petition alleging that the parents abused and neglected the children because of their failure to provide the children with a fit and suitable home. According to the petition, the parents' home lacked electricity, running water, a kitchen sink, a working shower and/or bathtub, a working stove and oven, and a working toilet. In fact, the toilet the home did have was filled with feces. The DHHR further alleged that fire hazards were present in the home, given that it was heated, in part, with a gas wall heater in close proximity to large amounts of trash, clothing, and debris. There were also no working smoke detectors in the home.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The DHHR made further allegations about the home's condition, including broken windows covered by uninsulated paneling and debris and trash accumulated in the yard.

At a subsequent preliminary hearing, the court ordered the parents to pay child support, remain free of drugs and alcohol, submit to drug and alcohol screens, undergo psychological and substance abuse evaluations, and follow all recommendations resulting from those evaluations. Petitioner later stipulated to the allegations against her at an adjudicatory hearing in January of 2020. The court granted petitioner a post-adjudicatory improvement period that required her to (1) participate in parenting and adult life skills education, (2) remain free of drugs and alcohol, (3) submit to drug and alcohol screens, (4) participate in outpatient substance abuse treatment and successfully complete the same, (5) submit monthly reports and a treatment plan from her Suboxone clinic, (6) obtain verifiable employment, (7) obtain a fit home, (8) undergo a psychological evaluation and follow the recommendations thereof, and (9) participate in weekly therapy. A few months after the improvement period commenced, the DHHR filed a motion to terminate the improvement period because of petitioner's noncompliance.

On May 19, 2020, the court held a dispositional hearing and heard evidence in support of the DHHR's outstanding motion. According to a Child Protective Services ("CPS") worker, as recently as the month prior to the dispositional hearing, petitioner lived in a small camper with no running water, no electricity, and no functioning toilet. According to the worker, this remained an unsuitable home for the children. However, the worker did acknowledge that less than a month before the dispositional hearing, the parents moved to a new home that "appear[ed] to be safe, apt and suitable." The CPS worker further testified that petitioner never submitted reports from a Suboxone program and, in fact, had not provided confirmation that she was even enrolled in such a program in West Virginia. Additionally, petitioner failed drug screens in January, February, and March of 2020 due to providing diluted samples. According to another witness, petitioner's samples were abnormal, and petitioner regularly vomited in the bathroom before providing a sample. The witness indicated that vomiting can be indicative of someone ingesting a substance in an effort to defeat a drug screen. The evidence also established that petitioner failed to pay child support, never obtained employment, and failed to participate in therapy as required. Based on this evidence, the court found that petitioner failed to comply with the terms and conditions of her improvement period and that, based on her inaction, there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future. According to the circuit court, petitioner's limited participation late in the proceedings was simply insufficient to support anything other than termination of her parental rights, which it further found was in the children's best interests. Accordingly, the court revoked petitioner's improvement period and terminated her parental rights to the children.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[2]The father's parental rights were also terminated below. The permanency plan for the children is adoption in their current foster home.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner raises two assignments of error alleging that the circuit court erred in finding that she failed to substantially comply with her improvement period and that there was no reasonable likelihood she could substantially correct the conditions of abuse and neglect. However, in support of these assignments of error, petitioner provides only one sentence of substantive argument. According to petitioner, the circuit court erred in both regards because she "did obtain a fit, apt, and suitable home during her improvement period." This argument is not only a gross simplification of the issues at play in the proceedings below, but, importantly, ignores overwhelming evidence establishing petitioner's failure to comply with multiple required services during her improvement period and her several failed drug screens during that time. In short, the uncontested evidence of petitioner's almost total failure to participate in remedial efforts below is such that even if this Court were to accept that petitioner's move to a new home less than a month prior to the dispositional hearing constituted a total remediation of the abuse and neglect at issue, she still would not be entitled to relief.

Other than asserting that her home was suitable, petitioner does not challenge the circuit court's findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future or that termination of her parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate parental rights upon these findings. Further, this Court has held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As set forth above, there was overwhelming evidence of petitioner's failure to comply with the DHHR's rehabilitative services, which constitutes a situation in which there is no reasonable likelihood that the conditions of abuse

and neglect can be substantially corrected. W. Va. Code § 49-4-604(d)(3) (A circumstance in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts."). Accordingly, we find that petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 19, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison